CASE 2—SOPHIA CROSS' ADMR. AGAINST WESTERN UNION TELEGRAPH
CO. FOR FAILURE TO DELIVER TELEGRAM.—JUNE 11.

# Western Union Telegraph Co. v. Cross' Admr.

### APPEAL FROM HOPKINS CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   REVERSED.

TELEGRAPHS—MESSAGES—DELIVERY—DELAY—NEGLIGENCE — PUNITIVE
DAMAGES—FREE DELIVERY LIMITS—RULES—EVIDENCE.

Held:   1. In an action for failure to deliver a telegram with rea-
sonable despatch, in which plaintiff suffered no physical in-
jury, defendant was not liable for punitive damages.

2. Where, on receipt of a telegraph message at its destination with-
out street address or number of the addressee, it was at once
delivered to a messenger, who spent all of the afternoon of the
day in searching for information as to the addressee, without
success, whereupon he returned the message to the office, and a
service message was sent to the original station for more specific
address, and on receipt of another telegram the message was
delivered, the telegraph company was not guilty of gross negli-
gence in delivering the message.

3. Where a telegraph message was addressed to plaintiff's intestate,
an obscure colored woman, living nearly a mile from the com-
pany's office, in a city of less than 5,000 inhabitants, without the
street or number of her residence being given, and the sender
of the message had not prepaid or guaranteed a delivery fee, it
was error, in an action for delay in delivering the message, to
exclude a rule of the company providing that messages would
be delivered to persons residing more than a half mile from the
company's office in cities of less than 5,000 inhabitants on the
actual cost of delivery being prepaid or guaranteed.

RICHARDS & RONALD, FOR APPELLANT.

The telegram to Mrs. Sophia Cross from Kansas City, Mis-
souri, announcing the death of her daughter, Emma Baxter,
was received at Madisonville, Kentucky, about noon on October
21, 1899.   It did not contain, nor did the defendant have any
information as to the race, color, place of residence, or occu-
pation of Mrs. Cross.   A diligent search failing to disclose her
whereabouts, early the next morning a message was sent to
Kansas City informing the sender that they were unable to

find Mrs Cross. On October 23d a message was received at Madisonville by defendant addressed to David Cross, care Monarch Coal Mines. Upon David Cross' calling at the office of the company in response to a notification that the telegram was there. the company, upon inquiry, learned from him that Sophia Cross was his mother and the message to her was delivered to him.

This suit was brought by Sophia Cross to recover damages for mental anguish by reason of not being able to attend her daughter's funeral. Pending the suit, she died, and the action was revived in the name of her administrator.

On the trial a verdict was returned for the plaintiff for $300, from which this appeal is prosecuted.

A reversal is asked upon the following grounds:

(1) The defendant's motion for a peremptory instruction should have been given.

(2) The instructions given, by the court are erroneous in that they permit a recovery for punitive damages, and because they permit a recovery for any damages.

(3) Instruction "D." asked for by appellant, should have been given, which is as follows:

"Although the jury may believe from the evidence that the defendant's agents failed to use that degree of care and diligence defined in instruction No. 3, they can not find a verdict for the plaintiff unless they further believe from the evidence that the injuries complained of were directly or proximately caused by such failure; that is to say, that unless they believe from the evidence that if the telegram in question had been promptly delivered, plaintiff intended to go, and could have gone to Kansas City, Mo.; that she possessed the ability to make the journey and that she could and would have arrived in time to be present at the burial of her daughter, their verdict should be for the defendant."

### AUTHORITIES CITED.

Western Union Tel. Co. v. May, 27 S. W., 261; Cumberland Telephone Co. v. Brown (Tenn.), 55 S. W., 155; Western Union Tel Co. v. Smith, 30 S. W., 549; Western Union Tel. Co. v. Daniels, 15 R., 813; Same v. Matthews, 67 S. W., 849 (21 Rep., 1405).

C. J. WADDILL, FOR APPELLEE.

The real excuse for the gross neglect of appellant to deliver a death message was a supposed rule of the company establishing one-half-mile free delivery limit, and Sophia Cross, the ad-

dressee, lived within the city just outside said limit; but said excuse is unavailing for reasons set forth in brief.

### AUTHORITIES CITED.

Webbe v. W. U. Tel. Co., 61 Am. St. Rep., 207, and note; Whittemore v. W. U. Tel. Co., 71 Fed. Rep., 651; Hendricks v. W. U. Tel. Co., 78 Am. St. Rep., 658, and note; W. U. Tel. Co. v. Moore, 54 Am. St. Rep., 515, and note; W. U. Tel. Co. v. Robinson, 34 L. R. A., 431, and note; W. U. Tel. Co. v. Mc-Kibben, 114 Ind., 511; Clement v. W. U. Tel. Co., 137 Mass., 463.

OPINION OF THE COURT BY JUDGE BARKER—REVERSING.

This action was instituted in the Hopkins circuit court by Sophia Cross to recover damages from the Western Union Telegraph Company for its failure to deliver to her a telegram sent from Kansas City, Mo., conveying the information of the death of her daughter Emma Baxter in time to enable her to attend the funeral, whereby she was caused great mental pain and distress, and suffered damage in the sum of $1,500. The failure of the telegraph company is alleged to have been caused by its gross negligence. The company, by its answer, denied the negligence charged in the petition, and pleaded the existence of a rule adopted by it which established in cities containing less than 5,000 inhabitants a free delivery boundary or limit, consisting of all the territory within a radius of a half mile of the office of the company; that outside of this free delivery limit it would not deliver telegrams without the payment of an extra delivery fee; that Madisonville is a city of less than 5,000 inhabitants, and that Sophia Cross lived therein at a greater distance than one-half mile from the office of the company; and that the sender of the message in question had not prepaid or guarantied the extra delivery fee required by the rule. After the issues were made up, but before a trial of the case, Sophia Cross died, and the action was revived in the name of her administrator. Upon

the trial the jury awarded a verdict of $300 in damages against the company, and, its motion for a new trial having been overruled, it is here on appeal.

Sophia Cross was a negro woman living in Madisonville, Ky. Her daughter Emma Baxter died in Kansas City, Mo., on the 21st day of October, 1899. On the day of her death, her husband, James T. Baxter, sent the following message to the mother: "Kansas City, Mo. To Mrs. Sophia Cross, Madisonville, Ky.—Emma Baxter is dead, please come. James T. Baxter." This message was received at the company's office in Madisonville on the same day that it was sent, at 11:40 A. M. Immediately upon its receipt at the delivery office, it was written out and delivered to a messenger, with instructions to find the addressee and deliver the message to her. The telegram contained no street number or address, nor any information as to the color or nationality of the person to whom it was addressed. The messenger, upon receiving the telegram, proceeded to search for the whereabouts of Sophia Cross. He states—and in this he is not contradicted—that he inquired at the postoffice, the hotels, and of various persons, white and colored whom he met upon the street, or whom he suspected might know something of the residence of the addressee of the message. He further states that, after a diligent search and inquiry, he was wholly unable to locate the address of appellee's decedent; that, after the expiration of several hours' search, he returned the telegram to the office, with the information that he could not locate the person entitled to it. The operator at the delivery office then sent what is called a "service telegram" to the office at Kansas City, stating that Sophia Cross could not be found, and asking for a more definite address. This service telegram was sent on the morning of the 22d of October. On the

morning of the 23d of October, there was received at the office in Madisonville a telegram from Kansas City concerning the death of Emma Baxter, directed to David Cross, stating that he worked at the Monarch mines. On receiving this telegram, the operator telephoned David Cross, at the Monarch mines, and he at once called at the office and obtained the message. Struck by the similarity of the names, the operator inquired of him if he knew Sophia Cross, in answer to which interrogatory he responded that she was his mother, whereupon the telegram for her was delivered to him, and he in turn delivered it to his mother. Emma Baxter was buried in the afternoon of October 23, 1899, and, at the time Sophia Cross actually received the telegram conveying the information of the death of her daughter, she could not have attended the funeral, although we think the evidence shows that she could and would have attended it, had the telegram addressed to her been delivered during the day of October 21st. The verdict rendered, as compared with verdicts usually awarded by juries in such cases, can not be considered excessive.

The appellant complains of two errors of the court, which we think are well taken: First, that the court erred in instructing the jury on the subject of gross negligence and punitive damages; second, in excluding from the consideration of the jury the existence of the rule as to a free delivery limit, and the failure to give an instruction predicated thereon. We have been cited to no authority holding that in a case like this, based wholly upon a breach of contract, unattended with any physical injury, the defendant is liable for anything more than compensatory damages; and we think the trial court erred in giving the instruction on gross negligence, authorizing the infliction of punitive damages. Moreover, we think the evidence in this case

wholly failed to show gross negligence on the part of appellant in failing to deliver the telegram. The uncontradicted evidence shows that, upon its receipt in Madisonville without street address or number, it was written out and delivered at once to the messenger; that this messenger spent nearly all of the afternoon of the day on which it was delivered to him in searching for information as to the whereabouts of the addressee, without being able to find her, and he thereupon returned it to the office, and a service message was sent to Kansas City for more specific information in regard thereto. It was evidently in response to this service message that the telegram was sent to David Cross, the son of appellee's decedent, through whom the telegram to Sophia Cross was finally delivered. There is evidence in the record to show that David Cross, the husband of Sophie Cross, worked in some menial employment not far from the office of appellant; also that one of his sons had several years before been a messenger in appellant's service. But the messenger who had charge of the telegram in question did not know these people, or their relationship to Sophia Cross. We are unable to see, considering that Sophia Cross was an obscure colored woman, living nearly a mile from the office of appellant, how it could be charged with gross negligence, in the face of the uncontradicted testimony showing that its servants had made the effort herein set forth to deliver the message on the day that it was received at Madisonville.

. Upon the trial of the case, appellant introduced in evidence rule 50, which is as follows: "Messages will be delivered free within a radius of one-half mile from the office in any city or town of less than 5,000 inhabitants, and within a radius of one mile from the office in any city or town of 5,000 or more inhabitants. Beyond these limits

only the actual cost of the delivery service will be collected;
the manager will, however, see that such cost is as reason-
able as possible." In the case of Western Union Telegraph
Company v. Daniels, 15 Ky. Law Rep., 813, on this subject,
the superior court said: "Where a person to whom a tele-
gram was addressed resided two miles from the telegraph
station of a small town, in an action by him against the
company to recover damages on account of delay in deliv-
ering the message, it was error to instruct the jury that,
if the telegram could have been received by plaintiff, 'by
the exercise of ordinary diligence in searching for him
in the town,' in a reasonable time 'after it should have
been received at the office,' the law was for the plaintiff.
As the plaintiff did not reside in town, and the company is
not required to deliver messages to persons residing as far
as two miles in the country, unless it is paid or specially
undertakes to do so, the only duty of the operator was to
use ordinary diligence to learn whether the plaintiff was
in town, and, if so, then to use ordinary diligence to de-
liver the message to him. It is too much to require the
company in such cases to make diligent search for the
party." In the case of Western Union Telegraph Co. v.
Mathews, 107 Ky., 663, 21 R., 1405, 55 S. W., 427, the court
said: "The telegram, the failure to deliver which promptly
is sought to be made the basis of recovery in this case,
was sent during the afternoon of November 12, 1896, from
Springfield, Kentucky, to appellee at Shelbyville, Kentucky.
The operator at Shelbyville received it promptly, but, as-
certaining that appellee lived in the country some four and
a half miles, so notified the agent at Springfield. At about
one o'clock on the next afternoon (the 13th) the Shelby-
ville agent was notified that the charges for delivering in
the country were guarantied, and to deliver by special mes-

senger. There was a failure to do this, under circumstances which conduce to show negligence on the part of the company's agent, but it is clear there was no obligation on the company to deliver in the country until after a guaranty of charges. The instructions to the jury are not explicit in this respect. Indeed, the second instruction imports to the contrary. An instruction offered by the appellant on this behalf (No. 5) should have been given. The error in refusing it was clearly prejudicial." The uncontradicted evidence of the surveyor of Hopkins county showed that Sophia Cross lived more than a half mile from the company's office, on an air line, and that, by the nearest route by which that distance could be traveled, she lived four-fifths of a mile from the office. The company rule establishing the free delivery limit is entirely reasonable, if not absolutely necessary; and, as the addressee lived outside of the free delivery limit of Madisonville, it was the duty of the sender of the message either to prepay or guaranty the extra delivery fee. The trial court should not have excluded the evidence of this rule from the jury, and should have given the instruction asked by the appellant, based upon its existence.

For these errors the judgment is reversed for proceedings consistent with this opinion.

Whole court except Judge Nunn sitting.

Response by Judge Hobson on petition for rehearing:

So much of the opinion as refers to the half-mile limit or rule 50, introduced in evidence, is withdrawn. We adhere to our ruling that on the facts of this case no instruction on punitive damages should have been given. The numerical weight of authority is against the allowance of substantial damages for the non-delivery of social tele-

grams. By reason of the peculiar character of the action, we are unwilling to extend the rule heretofore laid down so as to allow punitive damages in this class of actions.

Petition overruled.