CASE 104.—ACTION BY LOU TERRELL AGAINST THE POSTAL TELEGRAPH CABLE CAMPANY FOR DAMAGES FOR FAILURE TO DELIVER A TELEGRAM.—March 5.

# Postal Telegraph Cable Co. v. Terrell

Appeal from Jefferson Circuit Court, Common Pleas Branch, (Third Division).

J. M. Chatterson, Special Judge.

Judgment for plaintiff. Defendant appeals. Affirmed.

Telegraphs and Telephones—Failure to Deliver Telegram—Damages—Mental Suffering.—Where a telegram showed on its face that it must be delivered on the evening on which it was sent to apprise the addressee of the coming of his daughter on a train at midnight, and that the addressee's residence was about 3 miles from the station, the telegraph company, on failure to deliver, was liable for mental anguish suffered by the addressee's daughter, resulting from her being compelled to remain in the station until the street cars commenced to run in the morning.

LEOPOLD & PENNEBAKER for appellant.

POINTS AND AUTHORITIES.

1. Where a telegram for addressee to meet a person at the depot in Memphis, Tennessee, was not delivered in time, the fact that the one to be met remained in the depot all night can be no basis for a cause of action, on account of remoteness and

Postal Telegraph Cable Co. v. Terrell.

because such damages could not have been in contemplation of the parties. (Hadley v. Baxendale, 9 Exch., 341; Stafford v. W. U. Tel. Co., 73 Fed. Rep., 273; W. U. Tel. Co. v. Bryant, 46 N. E. R., 358; McAllen v. Tel. Co., 70 Tex., 243; Tel. Co. v. Smith, 13 S. W. R.., 169; Gaddis v. W. U. Tel Co., 77 S. W. R., 37; Smith v. W. U. Tel. Co., 83 Ky., 104; Talliferro v. W. U. Tel. Co., 21 Ky. Law Rep., 1290; Chapman v. W. U. Tel Co., 90 Ky., 265; W. U. Tel. Co. v. Patton, 55 S. W. R., 973; McBride v. Tel. Co., 96 Fed., 81.)

2. Mental anguish, unaccompanied by physical suffering, cannot be a basis for a cause of action in Kentucky, except where one is deprived of attending the death-bed or funeral of a near relative. (W. U. Tel. Co. v. Steenberger, 21 Ky. Law Rep., 1289; Davidson v. W. U. Tel. Co., 21 Ky. Law Rep., 1292; W. U. Tel. Co. v. Herning, 24 Ky. Law Rep., 1433; W. U. Tel. Co. v. Fisher, 21 Ky. Law Rep., 1293; W. U. Tel. Co. v. Davis, 107 Ky., 527; W. U. Tel. Co. v. Parsons, 21 Ky. Law Rep., 2008; W. U. Tel. Co. v. Smith, 15 Ky. Law Rep., 334; Chapman v. W. U. Tel. Co., 90 Ky., 265; Pos. Tel Cab. Co. v. Pratt, 85 S. W. R., 225; W. U. Tel Co. v. Vancleave, 22 Ky. Law Rep., 53; W. U. Tel. Co. v. Cross, 25 Ky. Law Rep., 270; Robinson v. W. U. Tel. Co., 24 Ky. Law Rep., 453; Reed v. Maley,.25 Ky. Law Rep., 209; Hockenhammer v. L. & E. R. R. Co., 74 S. W. R., 222; Amer. Nat. Bank v. Morey, 24 Ky. Law Rep., 658; 2nd Thompson on Negligence, sec. 2470; W. U. Tel.· Co. v. Reid, 85 S. W. R., 1171; Joyce on Electric Law, sec. 827, 830.)

3. A verdict of five hundred dollars in a case where plaintiff unnecessarily waited four hours in a railroad station, when she could have gone to a hotel or taken a carriage, must be the result of passion or prejudice.

4. In the case at bar, if there could be any recovery at all, the court should have limited the recovery to the price of the telegram and the amount plaintiff would have had to pay for lodging or cab fare. (W. U. Tel. Co. v. Campbell, 81 S. W. R., 580.)

BECKLEY & SCOTT for appellee.

POINTS AND AUTHORITIES.

1. The Court of Appeals of Kentucky has in every case that has come before it, sustained the right to damages for mental suffering and physical discomfort, or for mental suffering alone, occasioned by the negligence of a common carrier, where contractual relations existed between the carrier and the person injured. (Constitution of Kentucky, sec. 199; Chapman v. Western Union Tel. Co., 90 Ky., 265; Western Union Tel. Co. v. Cleaver,

13 Ky. Law Rep., 301; Western Union Tel. Co. v. McIlvoy, 21 Ky. Law Rep., 1393, Western Union Tel. Co. v. VanCleve, 107 Ky., 464; L. & N. R. R. Co. v. Hull, 113 Ky., 561; and all other cases where the negligence of a telegraph company prevented attendance at the bedside or funeral of a near relative.)

2. The following cases in Kentucky relied on by appellant, are not in point because no contractual relations existed, and the cause of action sounded in tort alone: (Reed v. Maley, 25 Ky. Law Rep., 209; Hockenhammer v. L. & E. R. R. Co., 24 Ky. Law Rep., 2383.)

3. The following cases cited and relied on by appellant arose from business or commercial telegrams, and therefore are not in point: (Robinson v. Western Union Tel. Co., 24 Ky. Law Rep., 453; Amer. Nat'l Bank v. Morey, 24 Ky. Law Rep., 658.)

4. The words of the telegram:
"Jerry Johnson,
    564 Lauderdale Street,
        Memphis, Tenn.,
Meet Lou at I. C. depot to-night.
                    GEORGE E. TERRELL."
put the telegraph company on notice that its non-delivery would cause mental and physical suffering and inconvenience. (Chapman v. Western Union Tel. Co., 90 Ky., 265; Western Union Tel. Co. v. Cleaver, 13 Ky. Law Rep., 301; Western Union Tel. Co. v. McIlvoy, 21 Ky. Law Rep., 1393; Western Union Tel. Co. v. Reid, 27 Ky. Law Rep., 659.) And the other cases in Kentucky where the death of a relative or funeral was involved. (Wadsworth v. Western Union Tel. Co., 86 Tenn., 695; Mentzer v. Telegraph Co., 93 Iowa, 752; Stevens v. Dudley, 56 Vermont, 158; Darlington v. Western Union Tel. Co., 127 N. C., 448; Young v. Western Union Tel. Co., 107 N. C., 370; Western Union Tel. Co. v. Simpson, 73 Texas, 422; Stone v. Sou. California R. R. Co., 111 Cal., 668; Western Union Tel. Co. v. Burgess, 56 S. W., 237; Sutherland on the Law of Damages (ed. 1903) vol. 1, p. 41; ——— vol. 3, p. 2882; and cases cited. Shearman & Redfield on Negligence, 5 ed. sec. 756, p. 1301; Thompson on Negligence, vol. 2, sections 2456 and 2471; and cases cited.)

5. A verdict for $500 is not excessive. (Opinion of Trial Judge; Sutherland on Damages, vol. 3, section 2806, p. 953; vol. 1, section 96, p. 281; L. & N. R. R. Co. v. Cayce, 17 Ky. Law Rep., 1389; Chesapeake, &c.. R. R. Co. v. Osborn, 97 Ky., 112; I. C. R. R. Co. v. Latimer, 28 Ill. App., 552.)

6. The instructions of the court were more favorable to appellant than appellee.

Opinion of the Court by Judge Hobson—Affirming.

Mrs. Lou Terrell, the wife of George E. Terrell, of Louisville, left Louisville on January 28, 1903, at 12 m. on the Illinois Central train to go to her father's home at Memphis, Tenn. The train, if on time, would reach Memphis at 12:1 that night. At 6:30 that evening her husband sent to her father the following telegram: "Louisville, Ky., January 28, 1903. Jerry Johnson, 564 Lauderdale St., Memphis, Tenn. Meet Lou at I. C. depot to-night. George E. Terrell." At the time the message was sent the clerk told Terrell that the message would go through in 20 minutes. It did reach Memphis in due time, but was not delivered. Mrs. Terrell's train reached Memphis two hours late, or about 2 o'clock in the morning. She had been summoned to Memphis on account of the sickness of a sister, and expected some of the family to meet her. She had with her two little children, aged three and one years. Her father lived about three miles from the station, and to get to his house it was necessary to pass through the red light district and the residence part of the city. When nobody met her, she went in the station and remained there with her children until 6 o'clock, when she took a street car and went home. The street cars had stopped running at 12 o'clock, and she testified that she would not like to trust herself through at that time of night in a cab or hack; that the Patterson Company is a transfer similar to the Louisville Transfer Company, but she did not communicate with it; that she walked to the window, and when she saw the colored men she did not think she would trust herself with them. She had lived in Memphis and knew-something of the hotels, but had never

been to any of them. Her father kept a vehicle and would have come to meet her if the telegram had been delivered. She testified that there were men dressed very rough in overalls with trousers tucked in their boots, lying on the floor of the depot, and that she was worried and frightened, and suffered mental anguish by having to remain there until morning. The defendant introduced proof tending to show that the numbers on the streets had been changed; that the number of Johnson's house, 564, was not the number given in the directory; and that the boy who went out to deliver the message failed for this reason to find the house. There was proof, however, that Johnson had lived there 20 years, that he was well known in the city, and that he had never changed his residence or the number of his house.

. On these facts the court instructed the jury as follows:

"(1) The court instructs the jury that it is admitted by the evidence of the defendant that it received the telegram specified in the pleadings and proof for delivery, and was paid in advance therefor. It then became the duty of the defendant to use ordinary diligence to deliver same to the address and party named therein, and, if you believe from the evidence that it negligently failed to deliver to the addressee or his house as per direction, then the law is for the plaintiff, and the jury should so find.

"(2) The jury is further instructed that in estimating damages, if you find for the plaintiff, you can only find in addition to the sum of 30 cents, which defendant offers to confess judgment for, such a sum as will fairly and reasonably compensate the plaintiff for such mental and physical suffering as is shown to be the direct and proximate result of the negligent fail-

ure of the defendant to deliver the said telegram, in all not exceeding the sum of $1,500.

"(3) If, however, the jury shall believe from the evidence that the defendant used ordinary diligence in its effort to deliver said telegram within a reasonable time, then it was not guilty of negligence in failing to so deliver, and, in that event, the jury should find for the plaintiff in the sum of 30 cents. It was, however, the duty of plaintiff, when her friends failed to meet her at the depot as alleged and proven, to exercise that degree of care for her own safety and comfort which ordinarily prudent persons usually exercise under like circumstances, and, if you believe from the evidence that she failed to exercise that degree of care and caution, then she cannot recover in the action for any mental or physical suffering endured by her in consequence of such failure upon her part, if any, even though you may believe the defendant was negligent as stated in instruction No. 1.

"(4)) By the term 'negligence' is meant the failure to observe ordinary care.

"(5) By 'ordinary care' is meant that degree of care usually exercised by ordinarily prudent persons under similar circumstances."

The jury returned a verdict for the plaintiff in the sum of $500, on which the court entered judgment, and the defendant appeals.

It is earnestly insisted for appellant that no recovery should be had on account of mental suffering in a case like this. It is conceded that the rule established by this court allows mental suffering as an element of damage for the failure to deliver telegrams announcing to near relatives the sickness or death of a member of the family, but it is urged that the rule has never been carried further, and should not be. There is no effort in this case to recover for

the mental suffering of the husband or father because the telegram in question was not delivered. The telegram was sent by the husband for the benefit of the wife, and the effort is to recover for her mental suffering by reason of the non-delivery of the telegram sent for her benefit. The telegram on its face showed that it must be delivered that evening, or it would be too late. It also showed that it was sent to apprise Mr. Johnson of the coming of a female at midnight, and that he must meet her at the station. It showed upon its face the residence of Johnson, and this was something like three miles from the station. It must be presumed that the agents of the telegraph company at Memphis were acquainted in a general way with the streets of the city, and with the fact that the street cars would not run after midnight. The telegram, therefore, apprised the defendant on its face of its importance. In Chapman v. Western Union Telegraph Company, 90 Ky. 271, 12 Ky. Law Rep. 265, 13 S. W. 880, this court, after discussing at some length the liability of the telegraph company for injury to the feelings for non-delivery of a telegram, concluded with these words: "In Shearman & Redfield on Negligence, section 605, it is said: 'In case of delay or total failure of delivery of messages relating to matters not connected with business, such as personal or domestic matters, we do not think that the company in fault ought to escape with mere nominal damages on account of the want of strict commercial value in such messages. Delay in the announcement of a death, an arrival, the straying or recovery of a child, and the like, may often be productive of an injury to the feelings, which cannot easily be estimated in money, but for which a jury should be at liberty to award fair damages. Yet in such cases the damages ought not to be enhanced by evidence of any circum-

stances which could not reasonably have been anticipated as probable from the language of the written message.' This seems to us to be the true rule, one which is in accord with reason, and necessary to a proper protection of individual rights and the interests of the public." In Western Union Telegraph Company v. Cleaver, 13 Ky. Law Rep. 301, a telegram was delivered to the wife which read as follows: "Come direct from the depot to our house. Lula." The message as sent was not directed to the wife, but to the husband, and was only intended to invite him, as he was coming to the city, to come straight to the daughter's house. The wife, receiving the message, thinking that the daughter must be sick, took the first train for the city. It was held that her recovery was not confined to her expenses and compensation for loss of time, but might include personal inconvenience and annoyance. In Green v. Telegraph Company, 136 N. C. 489, 49 S. E. 165, 67 L. R. A. 985, 103 Am. St. Rep. 955, a telegram similar to that before us was not delivered, and it was held that a recovery might be had for mental anguish. The court said: "A girl 16 years of age finds herself after midnight in a strange city, riding two miles in a carriage with an unknown driver. It is true she suffered no insult or physical injury, but the question is what would be the natural effect upon the mind and nervous system of a child of her age. Nature offers no flower more tender or more fair than budding womanhood, and around it every protection will be thrown by the hand of the law. The defendant was informed of the full purpose of the telegram, and the importance of its immediate delivery. It therefore remains only to consider whether, under the admitted facts, the plaintiff is entitled to recover compensatory damages for the mental anguish she may have suffered as the direct

result of the defendant's negligence. We see no reason why she cannot, and we find no authority in this State to the contrary." In that case a number of authorities are collected. See, also, Western Union Telegraph Company v. Taylor (Tex. Civ. App.), 81 S. W. 69; Western Union Telegraph Company v. Burgess (Tex. Civ. App.), 56 S. W. 237. In Western Union Telegraph Company v. Van Cleave, 107 Ky. 464, 54 S. W. 827, 22 Ky. Law Rep. 53, 92 Am St. Rep. 366, the court said: "The same difficulty of accurately measuring such damages arises in cases of slander, breach of marriage contract, and in cases where mental suffering is accompanied with physical pain. If, as argued, the law does not deal generally with the feelings and emotions, it may be answered that here the parties themselves have contracted with respect to those things, or, at least, have contracted with respect to those things which anturally affect the feelings and emotions." Then, after stating the rule that for the breach of a contract such damages may be recovered as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract as the probable result of the breach of it, the court further said: "The rule is certainly not less comprehensive if applied as a test for the ascertainment of the liability of a common carrier who may violate its public duty. The subject-matter of the undertaking by the carrier is not of a pecuniary nature, and the breach of the undertaking cannot be measured by an attempted ascertainment of what money is lost by reason of the breach." In the subsequent case of L. & N. R. R. Co. v. Hull, 113 Ky. 561, 24 Ky. Law Rep. 375, 68 S. W. 433, 57 L. R. A. 771, which was an action against a carrier to recover damages for delay in the shipment of a corpse, a recovery was allowed for mental suffering. In that case the

court said: "The damages for the loss of a corpse and those for the delay in delivering it differ only in degree. In actions for breach of a marriage contract damages for mental suffering are allowed because these are the natural result of the defendant's wrong, and in no other way can proper compensation for it be had. The same rule must apply in actions for negligence in carrying a corpse, if the carrier is to be held to proper responsibility in this class of cases."

In the case at bar the telegram apprised the defendant that mental suffering might reasonably be anticipated from the failure to deliver the telegram, and to allow mental suffering to be recovered is only to allow such damages as the parties should reasonably have anticipated to result from the breach of the contract. Telegraph companies are common carriers. They may take private property under the power of eminent domain. They are required to serve the public. When they negligently fail of their duty, they should be held to a just responsibility, and there is no reason why they should not answer for such damages as may reasonably be anticipated to result from the breach of the contract. Were the rule otherwise, no adequate recovery could be had for the non-delivery of many very important telegrams, such as one announcing the straying or finding of a child, or other social matters. The rule allowing a recovery for mental suffering in this class of cases is not confined to telegrams announcing the sickness or death of a near relative, but extends to all those cases where mental suffering may be reasonably anticipated as the natural result of the breach of the contract, and this is shown on the face of the telegram. The case of Hockenhammer v. Lexington & Eastern Ry. Co., 74 S. W. 222, 24 Ky. Law Rep. 2382, was an action for a collision between a locomotive and a wagon at a high-

way crossing. It was not an action upon contract, but was for a tort, and there was nothing to show that mental suffering to others should have been anticipated as the natural result of the locomotive striking the wagon. If that had been a case of a willful trespass to a corpse, a different question would have been presented. We therefore conclude that the court properly instructed the jury here to consider mental suffering in making up their verdict.

The court aptly told the jury that there could be no recovery for anything which Mrs. Terrell might have avoided by the exercise of ordinary care. It was thus left with the jury to determine whether in the exercise of ordinary care she should have taken a hack and gone to her father's or to a hotel for the night. The whole question of care was thus left to the jury, and, under all the proof, the verdict of the jury is not so against the evidence, or so excessive, as to warrant us in disturbing it.

Judgment affirmed.

Petition for rehearing by appellant overruled.