CASE 16.—ACTION BY ANNIE THURMAN AGAINST THE WESTERN UNION TELEGRAPH CO. FOR DAMAGES FOR FAILURE TO DELIVER A TELEGRAM. —November 15.

# Thurman v. Western Union Telg. Co.

Appeal from Jefferson Circuit Court; Common Pleas Branch; Second Division.

THOS. R. GORDON, Judge.

From a judgment sustaining a demurrer to the petition, the plaintiff appeals—Reversed.

1. Telegraphs—Failure to Deliver Message—Actions for Damages—Mental Suffering.—The right of recovery against telegraph companies for mental suffering has been extended to all cases in which mental suffering may be reasonably anticipated as the natural result of a breach of contract, and this is shown on the face of the telegram.
2. Same.—Where a wife in Louisville, in accordance with an agreement with her husband, telegraphed him in Chicago

that their child was worse, that she had smallpox, and had been sent to the pesthouse, and the telegraph company failed to deliver the message, and on this account the husband did not go home to Louisville nor communicate with his wife for some time thereafter, leaving her without his advice and instructions regarding the care of the child, her mental distress resulting therefrom will support an action of damages against the company.

3.   Same.—The following telegram, sent from Louisville: "To Harry Thurman, Great Northern Theater, Chicago, Ill.: Nellie worse; pronounced smallpox; sent to pesthouse to-day. Wife" —Nellie being the child of the sender and Harry Thurman, was sufficient to indicate to the telegraph company that the wife's object was to secure the assistance and consolation of her husband, and the company, failing to deliver the message, and thereby preventing his return to Louisville, must answer in damages for her mental anguish caused by depriving her of her husband's presence, advice, and superior judgment.

Judge Barker dissenting.

O'NEAL & O'NEAL and ISAAC T. WOODSON for appellant.

RICHARDS & RONALD and GEORGE H. FEARONS for appellee.

(No briefs in the record.)

OPINION OF THE COURT BY JUDGE SETTLE— Reversing.

This is an appeal from a judgment of the Jefferson circuit court, common pleas branch, second division, sustaining a demurrer to and dismissing appellant's petition. The object of the action was to recover of appellee damages alleged to have been sustained by appellant on account of its failure to deliver within a reasonable time the following telegram: "Received at the Board of Trade office, Louisville, Kentucky, March 2nd, 1906. To Harry Thurman, Great Northern Theater, Chicago, Ill. Nellie worse; pronounced small-pox; sent to pest-

house to-day. Wife." Harry Thurman to whom the telegram was addressed, is appellant's husband, and the Nellie mentioned therein their daughter. The following facts appear from the averments of the petition: That the husband, Harry Thurman, left Louisville, Ky., for Chicago, Ill., shortly before March 2, 1906, and that at the time he left Nellie, the daughter, was slightly ill, but the nature of her illness was not then known to the parents. It was, however, agreed by them at the time of the departure of Harry Thurman for Chicago that Mrs. Thurman would telegraph him there, care of Great Northern Theater, if their daughter grew worse, in order that he might immediately return to Louisville. On March 2, 1906, the discovery was made that the child had smallpox, and on the same day she was removed to the pesthouse. When this was done, Mrs. Thurman, acting upon the agreement between herself and husband, sent him the telegram set out above, and at the time of doing so paid appellee's agent the price customarily charged for such a message. That Harry Thurman was in Chicago on the day the message was sent, and when it should have reached that city, if it had been sent in a reasonable time, and that he would have received the message if any effort had been made by appellee to deliver it in the usual and a reasonable time, and thereby been enabled to start at once for Louisville, and arrive there on the morning of March 3, 1906, but this he was prevented from doing by the negligence of appellee in failing to forward or deliver to him the message within a reasonable time. That he was, in fact, permitted to leave Chicago without receiving the message, and did not know it had been sent, or learn of the illness of his child until his

arrival in Louisville, several days later. It further appears from the record that the child recovered.

The effect upon appellant of appellee's failure to promptly forward and deliver the message is expressed in the petition as follows: "That she was in great mental anguish and distress on account of the condition of her said child, and was in great need of the advice and counsel of her said husband in said distress, * * * and by reason of said negligence this plaintiff was deprived of the advice and counsel of her said husband in her said distress and anxiety, all of whch was caused by the gross negligence and carelessness of the defendant in failing to deliver said telegram. She says that, because of the negligence aforesaid of the defendant, its servants, and employes, the husband of the plaintiff did not return to the city of Louisville on said 3d day of March, 1906, or for many days thereafter, and did not communicate in any manner with plaintiff, or notify her of his receipt of said telegram, or of his whereabouts, or give her any advice, counsel, or instruction as to said child, or his wishes in said matter, and she was caused great mental anguish because thereof, and all of which was directly caused by the gross negligence and carelessness of defendant, its servants, and agents aforesaid." We infer from the briefs of counsel that the demurrer was sustained in the court below on the ground (1) that there can be no recovery for mental anguish such as appellant claims to have suffered in this case; (2) that the language of the telegram was not such as to apprise appellee that the wife's object in sending it was to secure the presence and consolation of her husband, and therefore it could not have been contemplated by the parties that damages would be claimed as a natural consequence of a

failure to deliver the message. The decisions of this court in respect to actions against telegraph companies for mental suffering have not confined the right of recovery to such cases only as involve a failure to deliver telegrams announcing to near relatives the sickness or death of a member of the family; on the contrary it has, as said in Postal Telegraph and Cable Co. v. Terrell, 124 Ky. 822. 100 S. W. 292, 30 Ky. Law Rep. 1023, extended the right of recovery to "all cases in which mental suffering may be reasonably anticipated as the natural result of the breach of the contract, and this is shown on the face of the telegram." This doctrine was first announced by this court in Chapman v. Western Union Telegraph Co., 90 Ky. 271, 12 Ky. Law Rep. 265, 13 S. W. 880, later approved in Western Union Telegraph Co. v. Cleaver, 13 Ky. Law Rep. 301, and more recently reaffirmed in L. & N. R. R. Co. v. Hull, 113 Ky. 561, 24 Ky. Law Rep. 375, 68 S. W. 433, 57 L. R. A. 771, and Postal Telegraph & Cable Co. v. Terrell, supra We also find authority to support the doctrine in the decisions of some of the courts of last resort in other states, such as Green v. Telegraph Co., 136 N. C. 489, 49 S. E. 165, 67 L. R. A. 985, 103 Am. St. Rep. 955; W. U. Tel. Co. v. Taylor (Tex. Civ. App.) 81 S. W. 69; W. U. Tel. Co. v. Burgess (Tex. Civ. App.) 56 S. W. 237. Numerous textwriters also recognize the same doctrine, and give it their approval. Shearman and Redfield on Negligence, sections 605-756; Thompson on Negligence, sections 2471, 2476, 2477, 2480.

The second question we are asked to consider is not difficult of solution. Manifestly the language of the telegram was sufficient to indicate to appellee that appellant's object in sending it was to secure the

assistance, advice, and consolation of her husband, which presumably could not be received without his return. The fact that she signed the message "Wife" proved the relationship she sustained to the person to whom it was addressed. The familiarity exhibited by the use of the name "Nellie" also indicated either that the person referred to was a child of the "Wife" and her husband, Harry Thurman, or that she sustained to them a close family relationship, and the further facts that "Nellie" had the smallpox and had been sent to the pesthouse demonstrated the dire distress of the sender of the message, and her urgent need of some sort of assistance from, if not the preence of, the absent husband. If, as alleged in the petition, appellee's negligence in failing to send or deliver the telegram in question prevented the return of appellant's husband to Louisville, and deprived her of his superior judgment, advice, and capacity to afford consolation in the emergency that thus suddenly confronted her, thereby causing her great mental suffering as they were well calculated to do, we fail to see any good reason for holding that she cannot recover damages therefor. In other words, as further aptly said in Postal Telegraph & Cable Co. v. Terrell, supra: "In the case at bar the telegram apprised the defendant that mental suffering might reasonably be anticipated from the failure to deliver the telegram, and to allow mental, suffering to be recovered for is only to show such damages as the parties should reasonably have anticipated to result from the breach of the contract. Telegraph companies are common carriers. They may take private property under the power of eminent domain. They are required to serve the public. When they negligently fail of their duty, they

should be held to a just responsibility, and there is no reason why they should not answer for such damages as may reasonably be anticipated to result from the breach of the contract. Were the rule otherwise, no adequate recovery could be had for the nondelivery of many very important telegrams, such as one announcing the straying or finding of a child, or other social matters. * * *"

Being of opinion that the petition states a good cause of action, and that the lower court erred in sustaining the demurrer, the judgment is reversed, and cause remanded, with directions to overrule the demurrer and for further proceedings consistent with the opinion.

JUDGE BARKER, dissenting.