## Robinson v. Western Union Telegraph Company.

(Decided March 18, 1914.)

### Appeal from Kenton Circuit Court (Common, Law & Equity Division).

1. Telegraphs—Transmission and Delivery of Message—When Company Guilty of Negligence.—It is the duty of a telegraph company to transmit and deliver a message in a reasonable time; and if it fails to do so, prima facie it is guilty of negligence.

2. Telegraphs—Delivery of Message—Question for Jury.—In determining the question whether delivery of a telegram in a particular case was made with reasonable promptness, the question is ordinarily one of fact for the jury.

3. Telegraphs—Receipt of Message on Sunday—Depositing in Post-office—Negligence.—Where a telegraph company received a message at its office of delivery on Sunday forenoon and, without making any effort to deliver the message, deposited it in the Post-office, knowing that no mail was delivered on Sunday, it was prima facie guilty of negligence.

4. Telegraphs—Negligent Delay in Delivery of Message—Receipt of on Sunday.—It is no justification for the negligent delay in delivering a telegraphic message actually received and transmitted by the company that it was transmitted or received on Sunday, provided it relates to a matter of charity or necessity.

JOHN E. SHEPARD for appellant.

S. D. ROUSE, RICHARDS & HARRIS and GEORGE H. FEARONS for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

At the times hereinafter stated, the appellant, Mrs. Jennie Robinson, who was the plaintiff below, and her husband, R. L. Robinson, resided at Laurel, Indiana; her mother and brothers resided at Verona, Boone County, Kentucky.

Elmer Robinson, the brother of appellant, having become so ill that his life was despaired of, J. W. Hughes, a brother of Elmer Hughes and Mrs. Robinson, telegraphed Mrs. Robinson late in the afternoon of Saturday, July 13, 1912, as follows: "R. L. Robinson, Laurel, Indiana. Elmer very low; come if you can. J. W. Hughes."

The telegram was received at Laurel on Sunday, July 14th, at 8:47 o'clock a. m. Mrs. Robinson resided more than half a mile from the telegraph office. The place of her residence was well known to the regular operator of the telegraph company at Laurel, and there was in the office of the telegraph company a telephone, which was used by it in the delivery of messages, and which could be used by it, without extra charge, in conveying information to persons concerning telegrams to be delivered. But on the Sunday morning in question, the regular operator had left Laurel on the early train and a substitute had been put in his place; and the substitute being wholly unacquainted with the people of the town, and not knowing where to deliver the telegram, deposited it in the mail,

for delivery. There being no delivery of mail on Sunday, the telegram did not reach Mrs. Robinson until Monday afternoon by the first delivery of the rural route carrier.

In the meantime, her brother had died on Sunday morning about 9 o'clock, and had been buried on Monday afternoon. On August 31, 1912, Mrs. Robinson filed this action to recover damages from the company for its failure to promptly deliver the message.

The answer contained three paragraphs, the first being a traverse of the petition. By way of further defense, the second paragraph of the answer alleged that defendant accepted the message subject to the terms and conditions that it would be delivered free within the established free delivery limits of the terminal office at Laurel, Indiana, where the free delivery limit of the defendant was within a radius of one-half mile from its office in said city; that Mrs. Robinson's residence was more than half a mile distant from defendant's office in Laurel, and was beyond and outside of the free delivery limits of the defendant in that city; that the delivery beyond said free delivery limits could have been secured by the sender of the message paying or guaranteeing an extra charge for the delivery of it, but that the sender of the telegram in question did not pay or guarantee, or offer to pay or guarantee any extra charge for the delivery of said message.

The third paragraph interposed a plea of contributory negligence upon the part of the plaintiff and her agents and servants in sending and receiving the message.

The reply, after denying the allegations of the second paragraph of the answer relating to the conditions of delivery, and the free delivery limits of the terminal office, as well as the other affirmative allegations, averred that the sender of the message paid all charges that were demanded by the defendant. For further reply, plaintiff alleged, in the second paragraph thereof, that she was personally and well known to defendant's agent at Laurel, and that the place of her residence was likewise known to the defendant; that at the time of the receipt of the message at Laurel, there was in the defendant's office at that point a telephone which was in operation, and which connected said office of the defendant with the residence of the adjoining neighbor of the plaintiff, all of which was known to the defendant, and by means of which and without any cost to the defendant, said message could have been transmitted and delivered to the plaintiff

immediately upon its receipt at defendant's office in Laurel, all of which was known to the defendant and its agents.

The trial court sustained a demurrer to the second paragraph of the reply as above set out, whereupon appellant amended said reply and alleged that the message was received at defendant's office in Laurel, Indiana, at 8:47 o'clock on Sunday morning, July 14th; that although it was known to defendant there was no delivery of mail on Sunday, the defendant's said agent, by reason of his ignorance and inexperience, negligently placed said telegram in the postoffice, and made no other effort to deliver it or to convey information concerning the same to the plaintiff, so that neither said telegram nor any information concerning its presence at the defendant's office, reached the plaintiff until the afternoon of Monday, July 15th, which was too late for it to serve the purpose for which it had been sent.

The reply made an issue as to whether Mrs. Robinson lived beyond the limits of the free delivery service; and, there is no plea that the company ever undertook to inquire of the sender, or of any one in Laurel, as to what disposition should be made of the message, or to advise the sender that the message had not been delivered.

A demurrer to the second paragraph of the reply as amended was sustained; and the plaintiff having declined to further plead, and the case having been submitted upon the pleadings, the petition was dismissed. The plaintiff appeals.

While it is true the petition states that the appellee was negligent in having a substitute operator at Laurel who did not know the plaintiff or her residence, and was unacquainted with the telephone connections of the neighbors by means of which the plaintiff might have been notified of the message, the gravamen of the charge is that appellee's substitute operator and agent negligently deposited the telegram in the mail on Sunday without having made any effort to deliver it, or to inform appellant that it had been received. If this constituted negligence upon the part of the appellee, the truth of the charge should have been submitted to a trial.

In Western Union Telegraph Co. v. Price, 137 Ky., 759, this court held that although a telegraph company was not required to keep a messenger boy on duty during the night, or obliged to send a telegram by messenger during the night, it was its duty to make reasonable ef-

forts to forward a message over the telephone in its office, within a reasonable time after it was received.

And, in that case, we further laid down this general rule:

"When a telegraph company has in its office a telephone that will put it in connection with the addressee of an important telegram, received at an hour when its messenger is absent, it should exercise reasonable diligence to deliver it over the telephone or notify the addressee of the fact that it has a telegram at its office; and this, notwithstanding the fact that the company may not be under any duty to have a messenger boy at the time the telegram is received to deliver it, or be required to then deliver it in person."

And it was further held, under the circumstances and conditions of that case, to be the duty of the company to make reasonable efforts to notify the addressee over the telephone of the contents of the telgram, and that it was a question for the jury to say whether or not the company exercised reasonable diligence in the delivery of the message.

In Western Union Telegraph Co. v. Elliott, 131 Ky., 340, the company was relieved from liability because the facts there clearly showed the company had done everything within its power, under the circumstances, to deliver the message.

And, the same may be said with regard to Western Union Telegraph Co. v. Cross' Admr., 116 Ky., 5.

The pleading in this case, however, made a •direct charge of negligence upon appellee's part, since it expressly alleged that the company made no effort to deliver the message, beyond depositing it in the postoffice on Sunday, knowing that no mail was delivered on that day.

In Western Union Telegraph Co. v. Parsons, 24 Ky. L. R., 2008, 72 S. W., 800, where the telegram contained a death notice, we said:

"It was the duty of the defendant to transmit and deliver the message in a reasonable time. If it failed to do so, *prima facie* it was guilty of negligence. If the delay was due to the act of God or the fault of the sender of the message, or other matters beyond its control, the burden was on the defendant to show these things; and when it failed to do so, the court properly told the jury that if there was a delay of something like 27 hours in transmitting the message, the defendant was liable, for such a delay is unreasonable."

See also Postal Telegraph Cable Co. v. Terrell, 124 Ky., 822.

In determining the question whether delivery, in a particular case, has been made with reasonable promptness, the question is ordinarily one of fact for the jury. 37 Cyc., 1676.

Furthermore, it is no justification for the negligent delay in delivering a message actually received and transmitted by the company, that it was transmitted on Sunday, provided it relates to a matter of charity or necessity. Gulf, &c., R. R. Co. v. Levy, 59 Tex., 542, 46 Am. Rep., 269.

Under these authorities, if the appellee made no effort to deliver the telegram in question beyond depositing it in the postoffice on Sunday, it was negligent, and the circuit court erred in holding to the contrary.

Judgment reversed and cause remanded for further proceedings.