## McClarty v. Bickel.

(Decided October 14, 1913).

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

1. Malicious Prosecution—What Must Affirmatively Appear—Malice, Want of Probable Cause and a Procuring of the Warrant or Indictment Must Appear.—To sustain an action for malicious prosecution, it must affirmatively appear as a part of the case of the party demanding damages, that the party sought to be charged was the proximate and efficient cause of maliciously putting the law in motion. It must be maliciously done and without probable cause. Malice, want of probable cause, and a procuring of the warrant or indictment must concur.

2. Malicious Prosecution—Action for—Pleading—When Testimony of Witness Privileged.—In an action for malicious prosecution, the court properly struck from the petition the allegation that Bickel's testimony in the Federal Court against plaintiff upon the trial of the prosecution against him for the misapplication of certain funds, was false. It is a well settled rule that the testimony of a witness given in the course of a judicial proceeding is privi-lieged, and will not support a cause of action against him. In giving his testimony as a witness Bickel was protected by law as a matter of public policy.

KOHN, BINGHAM, SLOSS & SPINDLE, O'DOHERTY & YONTS and W. M. SMITH for appellant.

W. PRATT DALE for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This is an action by McClarty against Bickel to recover damages for a malicious prosecution which McClarty charges that Bickel, in March, 1910, instigated, and procured the grand jury of the Federal Court of the Western District of Kentucky to return an indictment against him. McClarty charges that in this Bickel acted maliciously and without probable cause.

Under this indictment he was arrested and required to give bond for his appearance in that court. McClarty further charges that thereafter Bickel did, and without probable cause, prosecute the said indictment against him.

It is alleged that in October, 1911, upon a plea of not guilty, McClarty was tried and acquitted of the offense. Bickel answered admitting McClarty's acquittal in the Federal Court, but denied that he maliciously, or otherwise, procured the indictment, or instigated, or prosecuted it.

At the conclusion of the evidence offered by McClarty, the court peremptorily instructed the jury to find for the defendant, Bickel, and it is this action of the court which McClarty complains of here.

The evidence shows that McClarty was the President, and Bickel the vice president, of the First National Bank of Louisville, each with power to issue checks in the name of the bank. The indictment charged McClarty with unlawfully misapplying certain money of the bank. This money was drawn from the bank by check issued in New York City upon its corresponding bank in that city by the appellee, Bickel, signing the name of the First National Bank by himself as vice president. On the trial of this case for malicious prosecution, the only evidence connecting Bickel with the indictment in any manner was McClarty's testimony to the effect that on the trial in the Federal Court Bickel testified that McClarty, the president of the bank, and appellant here, had authorized him to draw the check in New York City, and that he heard Bickel swear at the same time, that he (Bickel) had testified to the same fact before the grand jury. Another witness testified that on the same day or next after McClarty's trial and acquittal in the Federal Court, Bickel was heard to say that "the trial would have resulted differently if the district attorney had properly handled the case."

To sustain an action for malicious prosecution, it must affirmatively appear as a part of the case of the party demanding damages, that the party sought to be charged was the proximate and efficient cause of maliciously putting the law in motion. It must be maliciously done and without probable cause, malice want of probable cause and a procuring of the warrant or indictment must concur. It will be seen that there was no proof that Bickel instigated, or even

encouraged the indictment, or that he in any way acted maliciously or otherwise in bringing about the prosecution. The only thing in the case that even indicated any feeling on Bickel's part against McClarty was his statement with reference to the District Attorney after the trial was concluded, and that statement does not tend to show that Bickel either instigated the prosecution, or that it was without probable cause, or that he acted maliciously.

Appellant, McClarty, however, complains that there was evidence in the case to the effect that Bickel's testimony in the Federal Court was false, and so known to be by Bickel when he swore that McClarty had authorized him to sign the check in question. The court struck from the petition the allegations covering this point. Appellant insists that where one gives evidence in a criminal prosecution which he at the time knows to be false, he should be made to respond in damages for malicious prosecution.. For authority he relies upon the case of Huggins v. Toler, 1 Bush, 192. In that case Huggins was arrested in May, 1863, by one Todd, who was in command of a squad of soldiers, and kept confined in military prisons and jails until the following August. He sued Toler for malicious prosecution, claiming that Toler made false and malicious statements to the military officer, Todd, which caused his arrest.

There is no analogy where a man by false and malicious statements to the arresting officer caused a party to be apprehended and confined in prison, and that of a case where one is caused to *testify in court under oath* against a party already arrested and on trial. Where a witness willfully and maliciously gives false testimony, he is liable to prosecution for perjury, or false swearing. No civil action will lie against him because it is a well-settled rule in practically all jurisdictions that the testimony of a witness given in the course of a judicial proceeding is privileged, and will not support a cause of action against him. Forbes v. Johnson, 11 B. Monroe, 51; Morgan v. Booth, 13 Bush, 483; Monroe v. Davis, 118 Ky., 809.

The lower court was quite right in concluding that appellee, Bickel, was in the attitude of a witness merely, used by the Government, and that in giving his testimony as a witness before the grand jury, or upon the trial of the indictment returned by the grand jury, he was absolutely protected by law as a matter of public

policy. No civil action such as slander or malicious prosecution will lie against him. If he testifies falsely he should be indicted and prosecuted under the criminal laws for perjury, or false swearing.

For the reasons indicated the judgment of the lower court is affirmed.