## Cook v. Bratton, et al.

(Decided February 4, 1916.)

### Appeal from Fulton Circuit Court.

Malicious Prosecution—Malice—Want of Probable Cause.—To sustain an action for malicious prosecution, it must affirmatively appear, (1) that the defendant was the proximate and efficient cause of putting the law in motion against the plaintiff in the action; (2) that he did so maliciously; and, (3) without probable cause. These three elements, malice, want of probable cause, and a procuring of the warrant or indictment, must concur.

ED. THOMAS for appellant.

HERSCHEL T. SMITH for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Reversing.

The appellant, Cook, brought this action against the appellees, Bratton and Willis, to recover damages for their alleged malicious prosecution of Cook; and, the circuit court having sustained a demurrer to the petition as amended, Cook appeals.

The action was the result of the indictment and trial of Cook in the Fulton circuit court for committing and maintaining a common nuisance, in the form of a disorderly house at his place of business. The prosecution resulted in Cook's acquittal. Cook v. Commonwealth, 159 Ky., 840.

The petition alleges that Bratton and Willis, who were the defendants below, conspired and confederated together to damage and destroy the appellant's reputation and character, by maliciously setting on foot the prosecution and procuring Cook to be indicted and tried, as above indicated, without any reasonable cause in law, or otherwise, to believe the appellant was guilty of said offense; and that upon a trial the appellant was acquitted.

The amended petition further alleges that the appellees voluntarily, and without being summoned, not only went before the grand jury and gave their testimony which led to the indictment of appellant, but that they also procured, caused and persuaded other persons to voluntarily do likewise, thereby maliciously bringing about the indictment of appellant.

It is true the petition is somewhat prolix; but, since modern systems of procedure require pleadings to be

intelligible rather than nice, the petition must be judged by the facts which it states rather than by the manner in which it states them.

It is thoroughly established in this jurisdiction, and generally, that to sustain an action for malicious prosecution, it must affirmatively appear (1) that the defendant was the proximate and efficient cause of putting the law in motion against the plaintiff in the action; (2) that he did so maliciously; and, (3) without probable cause. These three elements, malice, want of probable cause and a procuring of the warrant or indictment, must concur. McClarty v. Bickel, 155 Ky., 254; Schott v. I. N. L. Ins. Co., 160 Ky., 533; Dunn v. Deskins, 163 Ky., 689.

While the petition does not charge, in so many words, that appellees acted without probable cause, it does allege that "they had, and knew they had, no reasonable cause in law, or otherwise, to believe the appellant guilty of the offense for which he was indicted." This was a sufficient averment of a want of probable cause; and, in so treating it, the petition contained the three allegations essential in stating a case for malicious prosecution.

It follows, therefore, that the circuit court erred in sustaining the demurrer to the petition.

Judgment reversed and cause remanded, with instructions to overrule the demurrer to the petition, and for further proceedings.