## Ballard v. Cash.

(Decided April 29, 1921.)

### Appeal from Lincoln Circuit Court.

1. Malicious Prosecution—Actions—Pleading.—In an action for malicious prosecution it is not necessary to allege that the plaintiff was arrested or taken into custody since a cause of action exists when the law is put in motion against the plaintiff by the defendant maliciously and without probable cause whether he is arrested or not.

2. Malicious Prosecution—Actions—Pleading—Sufficiency.—A petition which alleges in substance that a criminal prosecution charging the plaintiff with the crime of unlawfully disturbing religious worship had been instituted by the defendant maliciously and without probable cause before a peace office having jurisdiction thereof, is not demurrable although the allegations are not as specific as they should be in that it is not alleged whether a summons or warrant issued thereon, either of which under our statutes might have been employed to institute the action.

3. Pleading—Motion to Perfect—Demurrer.—A demurrer cannot be used to make a pleading more specific; that question can only be raised by motion to require the pleader to so perfect his pleading.

J. N. SAUNDERS for appellant.

K. S. ALCORN for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This is an action for malicious prosecution. A demurrer was sustained to the petition and plaintiff having refused to amend, same was dismissed and plaintiff appeals. Omitting the caption and prayer, the petition reads:

"Plaintiff, Ken Ballard says the defendant, W. S. Cash, on July 5, 1919, caused a proceeding, judicial in its character to be instituted against him before the county judge of Lincoln county, Kentucky, in which he is charged with the guilt of the crime of unlawfully disturbing religious worship; that the proceeding has terminated favorably to this plaintiff, the same having upon the motion of the county attorney been dismissed by said judge; that defendant was actuated by malice in instituting the prosecution; that the proceeding was instituted without probable cause for belief in the guilt of this plaintiff of said crime, and that the institution of said proceeding against

him wrongfully held him up to the scorn and contempt of all people, and was to his great humiliation and damage in the sum of two thousand dollars.''

In Graziana v. Ernst, 169 Ky. 751, we said:

''To set forth a cause of action for malicious prosecution for a crime or misdemeanor it is necessary to allege: (1) that the defendant caused a proceeding, judicial in its character, to be instituted against the complainant, in which he is charged with the guilt of a crime or misdemeanor; (2) that the proceeding has terminated favorably to the complainant, either by a trial or a *nolle prosequi* or if adversely to plaintiff, it was procured by the corruption or fraud of defendant; (3) that the defendant was actuated by malice in instituting or conducting the prosecution; (4) that the proceeding was instituted without probable cause for belief in the guilt of the complainant of such crime or misdemeanor.''

It will be noticed that in the preparation of the petition, counsel for plaintiff has followed the above directions, even to the extent of employing its exact language as far as that was possible. The court did not of course intend to enjoin upon the pleader the language to be employed by him in stating his cause of action but was stating in general terms, the essential elements of such a petition. No complaint is made of the manner in which the second, third and fourth elements of the cause of action set forth above are stated in the petition, but it is earnestly insisted, and the lower court seems to have accepted that view, that the petition is fatally defective in that it does not state the precise character of the proceeding instituted against the plaintiff and that process issued thereon; or that plaintiff was arrested or taken into custody. It is thoroughly established in this state at least that a cause of action for malicious prosecution accrues, the other necessary elements being present, as a result ''of putting the law in motion'' against the plaintiff whether he is arrested or not. Thus in Cook v. Bratton, 168 Ky. 301, it was said:

''It is thoroughly established in this jurisdiction, and generally, that to sustain an action for malicious prosecution, it must affirmatively appear (1) that the defendant was the proximate and efficient cause of putting the law in motion against the plaintiff in the action; (2) that he did so maliciously; and, (3) without probable cause.

These three elements, malice, want of probable cause and a procuring of the warrant or indictment, must concur.''

So also in McClarty v. Bickel, 155 Ky. 254, we said:

''To sustain an action for malicious prosecution, it must affirmatively appear as a part of the case of the party demanding damages, that the party sought to be charged was the proximate and efficient cause of maliciously putting the law in action.''

In Newman's Pleading and Practice, section 330, in reference to a malicious prosecution, it is said:

''A person may maintain the action against another who with malice and without probable cause . . . institutes a criminal prosecution against him, even though the party prosecuted should appear and defend himself without being actually arrested.  But the most frequent cases of malicious prosecution are those in which an arrest is actually made and bail given in a criminal prosecution.''

It is therefore clear that the petition was not demurrable because of a failure to allege that plaintiff was arrested or taken into custody.  As to the other complaint, the failure to allege that the defendant procured the issual of a warrant or summons against the plaintiff, we are of the opinion that this could not be raised by demurrer in view of the other allegations of the petition, but should have been reached by a motion to make more specific.

It will be noticed it is alleged in the petition that the defendant had caused a proceeding, judicial in character, to be instituted against the plaintiff before the county judge of Lincoln county in which he is charged with the guilt of the crime of unlawfully disturbing religious worship and that defendant was actuated by malice in instituting the prosecution.  While not stated definitely that the proceeding was a criminal prosecution, no other inference is reasonable from the statements made. The petition does state in effect therefore that a criminal prosecution had been instituted before the county judge charging plaintiff with the crime of unlawfully disturbing religious worship which is under our statutes a misdemeanor that may be prosecuted before the county judge or other peace officer upon a warrant or summons issued by him against the plaintiff.

The word institute means, to set on foot, to inaugurate, to initiate.  These are some of the definitions of the

word given by Webster, and to charge that the defendant instituted a criminal prosecution against the plaintiff necessarily charges that he set the law in motion against him, and while a pleader must of course state the facts and not a mere conclusion of law, we do not consider the charge that one has instituted a criminal prosecution against another before a particular officer having jurisdiction thereof, charging him with the offense of unlawfully disturbing religious worship, a mere conclusion of law. It is a statement of fact, but not as definite as the one accused has a right to demand in that it does not state the precise character of the process that issued thereon, since under our statutes either a summons or a warrant might have been the process employed to institute the prosecution.

This court has frequently called to attention the difference between a demurrer and a motion to make more certain. In Posey v. Green, 78 Ky. 162, it was held that defects in form of a pleading can be reached only by a motion to make the affirmance more specific. In Daniel v. Daniel, 166 Ky. 182; 179 S. W. 5, we held that the remedy for indefiniteness is by motion to make more specific and not by demurrer. In McAuliffe v. Helm, 157 Ky. 626, 163 S. W. 1091, the court said:

"A demurrer, however, cannot be used to make a pleading more specific and certain; that question can only be raised by motion to require the pleader to so perfect his pleading."

Counsel for defendant cites as sustaining his contention the following from Singer Sewing Machine Company v. Dyer, 156 Ky. 157:

"The plaintiff in her petition charged that the affidavit was made maliciously and without probable cause, but it did not charge that the defendant maliciously and without probable cause procured the issual of the warrant. This is the gist of the action. The defendant's demurrer to the petition should therefore have been sustained."

But it will be noticed the plaintiff in that case charged only the filing of an affidavit and failed to charge that a warrant had been issued thereon. Hence there was no charge that the law had been put in motion, which is not done by merely filing an affidavit which is only preliminary thereto. But here it is charged that a specific criminal proceeding had been instituted, and as we have seen

this is a charge that the law had been put in motion against the plaintiff.

We are therefore of the opinion that the court erred in sustaining the demurrer to plaintiff's petition.

Wherefore the judgment is reversed and the cause remanded for proceedings consistent herewith.