## Nunn v. Commonwealth.

(Decided September 22, 1922.)

### Appeal from Crittenden Circuit Court.

Intoxicating Liquors—Incriminating Evidence Before Grand Jury. —On a trial of one under indictment charged with the unlawful transportation of whiskey under the provisions of the act of 1920, where the defendant had appeared before the grand jury returning the indictment and given evidence incriminating himself, evidence of a member of the grand jury on the trial in the circuit court detailing the incriminatory evidence given by the defendant before the grand jury is incompetent against him under the provisions of section 4 of that act.

C. S. NUNN for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

Opinion of the Court by Turner, Commissioner—Reversing.

Appellant was indicted in the Crittenden circuit court, charged with the unlawful transportation of whiskey in that county.

On his trial he was convicted and his motion for a new trial having been overruled, he has appealed.

Appellant did not testify on the trial in the circuit court although he had appeared as a witness before the grand jury which returned the indictment; and on the trial a member of that grand jury was introduced as a witness by the Commonwealth and testified in substance that appellant while a witness before the grand jury had stated that he made the trip from Marion to Kuttawa in an automobile and had at the latter place procured some whiskey.

. This evidence was objected to by appellant and his objection overruled, and whether it was competent evidence is the only question necessary to be determined.

Appellant was indicted under the provisions of chapter 81, of the Acts of 1920, and the fourth section of that act provides:

"No witness in a trial for a violation of this act shall be permitted to refuse to answer any question because the answer will incriminate himself, but his evidence shall not be used against him in any subsequent proceedings, and such witness shall not be prosecuted for any offense disclosed in such testimony."

The manifest purpose of the quoted provision was in requiring a witness to disclose by his evidence facts which would incriminate him, to grant him immunity from prosecution because of such disclosure, to the end that others against whom his evidence might be properly used should be apprehended and punished according to law. It is a method provided by the legislature to enable officials primarily charged with the duty of enforcing the prohibition enactment, to procure evidence against the violators of that act which could not otherwise be procured.

The evidence of the grand juror was given in chief, and as the defendant did not testify at all, no question can arise as to the right of the grand juror to testify against him under the provisions of section 113 of the Criminal Code, wherein it is provided that such grand juror may be required to disclose the testimony of a

witness examined before the grand jury for the purpose of ascertaining its consistency with his evidence on the trial, or for the purpose of proceeding against the witness for perjury or false swearing; nor does any question arise as to the interpretation, in cases covered by the prohibition act, of the effect of the provision quoted upon section 113.

Because of the flagrant error in permitting the grand juror to thus testify against appellant, the judgment must be reversed with directions to grant him a new trial.

It is so ordered.