## Bazzell v. Illinois Central Railroad Company, et al.

(Decided June 6, 1924.)

### Appeal from Bracken Circuit Court.

1. Malicious Prosecution—Burden on Plaintiff to Show Malice and Want of Probable Cause.—Burden is on plaintiff to show prosecution was malicious and without probable cause.
2. Malicious Prosecution—Probable Cause Presumed from Indictment.—Finding of an indictment raises prima facie presumption of probable cause.
3. Malicious Prosecution—Question as to What Plaintiff Knew About Property Stolen Improper.—In action for malicious prosecution, court properly sustained objection to question asked plaintiff as to whether he knew anything about property stolen, though opposite would have been true, if question had been as to what, if anything, plaintiff had to do with stolen property.
4. Grand Jury—County Attorney Cannot Testify as to Testimony Before Grand Jury.—County attorney cannot be called to testify in a prosecution for malicious prosecution what testimony of certain witness was before grand jury, in view of Criminal Code of Practice, section 113.
5. Witnesses—County Attorney Cannot Testify as to Communications Made to Him.—County attorney cannot testify as to communications made to him as prosecuting officer of county.
6. Malicious Prosecution—Showing Defendant Responsible for Institution of Proceedings Essential.—Plaintiff must show that de-

fendant was responsible for institution or continuance of original proceedings complained of.

C. C. GRASSHAM and REED & BURNS for appellant.

WHEELER & HUGHES for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Appellant sought to recover damages for malicious prosecution. The court directed the jury to find for appellees at the close of the evidence for appellant.

On or about October 9, 1920, the appellant was indicted by the grand jury of McCracken county for stealing property from the Illinois Central Railroad Company. The offense is alleged to have been committed in 1919. The indictment against appellant was dismissed absolutely on May 2, 1921. On April 5th, 1922, appellant sued Frank Robeson, C. D. Johnson and the Illinois Central Railroad Company for malicious prosecution, and at the conclusion of the evidence for appellant, the court peremptorily instructed the jury to find for appellees, and the appellant now complains that the lower court refused to allow him to introduce much of the evidence he offered, and then visited upon him a peremptory instruction because he had not introduced sufficient evidence to make out a case.

When the following question was propounded to the appellant, the appellees objected and the court sustained their objection:

"Do you know anything about any tires or wheels for Ford automobiles that were taken from an Illinois Central box car in 1920?"

Thereupon this avowal was made:

"If the witness was permitted to answer the question he would say he knew nothing about it, did not know when they were taken and had nothing to do with it at all."

The burden was on appellant to show the prosecution of him was malicious and without probable cause. In Garrard v. Willett, 4 J. J. M. 630, this court said: "When a grand jury, upon other testimony than that of the prosecutor alone, find an indictment to be a true bill, the presumption is *prima facie* that as they, on their oaths, have said that the person indicted is guilty, the prosecu-

tor had reasonable grounds for the prosecution. Nevertheless, the law still presumes that the person indicted is innocent. But this presumption will not repel the inference that there was probable cause. And, consequently, the final acquittal of the accused will not, *per se,* prove a want of probable cause." To the same effect see Branham v. Berry, 4 R. 414; Jones v. L. & N. R. R. Co., 29 R. 946; Schott v. Indiana National Life Ins. Co., 160 Ky. 533, and Emler v. Fox, 172 Ky. 290. The court was not then interested in what appellant knew about those tires and wheels, but if it had been asked what, if anything, he had to do with those tires and wheels, no objection should have been made.

At the time the indictment of appellant was returned, C. A. Wickliffe was county attorney, and appellant had him called and sworn as a witness. Appellant sought to show by him that appellees, Frank Robeson and C. D. Johnson, had testified against appellant before the grand jury and to show what that testimony was. The court properly excluded the proposed testimony. Section 113 of the Criminal Code sets out those matters about which a grand juror may be called as a witness. In all other cases he cannot be heard. Pritchett v. Frisby, 112 Ky. 629; Nunn v. Commonwealth, 195 Ky. 681. From this we see that it is the public policy of this Commonwealth to keep secret the proceedings of the grand jury. At one time in the history of this Commonwealth the rule was otherwise (see White v. Fox, 4th Ky. (1 Bibb), page 369), but since then the Criminal Code has been adopted and we have returned to the ancient rule of secrecy. Appellant realized this and did not call a member of the grand jury, but called the county attorney and sought to show by him what happened while he was in the room with the grand jury. The court properly excluded this evidence. The court also properly excluded the evidence of the witness as to what Robeson said to him outside of the grand jury room. A county attorney is an officer whose duty it is to investigate crime and prosecute therefor, not in the interest of the individual who may have suffered, but for the good of the Commonwealth, and it is very clear to us that it is not only the privilege but the duty of every citizen who knows of facts tending to show the commission of a crime to communicate such information to the public officer whose duty it is to investigate the matter and to commence a criminal prosecution, if a crime has been committed. Any other rule would ham-

per the administration of justice. A party having knowledge of facts tending to show that a crime has been committed will hesitate to lay such facts before the proper officer if the information thus given may be made the basis of an action for damages against him. The rule forbidding an attorney to disclose his client's secrets exists independent of the statute. Its basis is not the mere fact that the communication was confidentially made. The reason for its existence is, that "the law has considered it the wisest policy to encourage and sanction this confidence by requiring that on such facts the mouth of the attorney shall be forever sealed." The interest of the public in protecting the privacy of a communication seems, indeed, greater when it is made to a prosecuting officer in that capacity than when it is made by a client to his attorney. This doctrine is supported by: Vogel v. Gruaz, 110 U. S. 311, 28 L. Ed. 158, 4 Sup. Court Rep. 12; Oliver v. Pate, 43 Ind. 132; Gabriel v. McMullin, 127 Iowa 426, 103 N. W. 355; Micheal v. Matson, 81 Kan. 360, 105 Pac. 537; Worthington v. Scribner, 109 Mass. 487, 12 Am. Rep. 736; State v. Brown, 36 Atl. 458; Schultz v. Strauss, 127 Wis. 325, 106 N. W. 1066.

Appellant insists that the evidence of James Whitledge was sufficient to require submission of this case to the jury, as appellant contends that Whitledge told appellee Johnson and Superintendent Hill of the Illinois Central Railroad, before the indictment of appellant that appellant did not steal the wheels.

Whether or not this, if true, would have been sufficient to warrant submission of this case to the jury, is a question upon which it is not necessary to pass. The contention is not supported by Whitledge. In answer to question 24, Whitledge disclosed the fact that instead of telling Johnson this, that he told it to Wallace Miller, the bill clerk, and told Miller to call him and tell him about it. Miller was not called as a witness, hence appellant failed to show that this information was communicated to Johnson.

What Whitledge told Superintendent Hill is shown by answer to this same question, to have been told him after the indictment of the appellant.

One of the appellant's grounds for a new trial is newly discovered evidence, and he files the affidavit of himself and the affidavit of the newly discovered witness in support thereof as required by section 343 of the Civil Code. To this the appellees offered a counter affidavit.

The counter affidavit so thoroughly controverted the affidavit of the appellant and his newly discovered witness as to fully justify the court in disregarding it. An action for malicious prosecution is not favored in law, and hence has been hedged about by limitations more stringent than those in the case of almost any other act causing damage to another, and the courts have allowed recovery only when the requirements limiting it have been fully complied with. The disfavor with which the action is looked upon is especially marked in cases where the suit is being brought for the institution of criminal proceedings against the plaintiff, as public policy favors the exposure of crime, which a recovery against a prosecutor obviously tends to discourage. This doctrine is supported by Grimes v. Coyle, 45 Ky. (6th B. Monroe) 301. To maintain an action for malicious prosecution the plaintiff must show that the defendant therein was responsible for the institution or continuance of the original proceeding complained of. McClarty v. Bickel, 155 Ky. 254.

The evidence offered by appellant utterly failed to connect appellees either with procuring or prosecuting the indictment against the appellant, it failed to overcome the presumption of probable cause, and the court did not err in directing the jury to find for the appellees.

The judgment is affirmed.