## Chesapeake & Ohio Railway Company v. Faverty.

(Decided December 18, 1925.)

### Appeal from Pike Circuit Court.

1. Malicious Prosecution—Proof of Instigation of Prosecution Held to Require Peremptory Instruction.—In action for malicious prosecution, instituted against plaintiff for violating federal Penal Code, section 135 (U. S. Comp. St., sec. 10305), evidence held insufficient to show that defendant had anything to do with instituting the prosecution, and a peremptory instruction for defendant should have been given.

2. Malicious Prosecution—Discharge of Accused Held Not to Show Want of Probable Cause.—In action for malicious prosecution, instituted against plaintiff for violating Federal Penal Code, section 135 (U. S. Comp. St., section 10305), mere proof by plaintiff that she was dismissed when brought before United States Commissioner held insufficient to show want of probable cause, and peremptory instruction for defendant should have been given.

BROWNING & REED and KIRK, KIRK & WELLS for appellant.

PICKELSIMER & STEELE for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

In this action for malicious prosecution, appellee recovered a judgment against the appellant in the sum of $600.00, to reverse which this appeal is prosecuted.

Appellant insists that it was entitled to a peremptory instruction, both at the close of the appellee's case and at the close of the whole case, and to this contention we agree. Appellee's case was tried along with two other

cases against the appellant before the same jury. For some reason which does not appear in the record she was not present at the trial and did not testify. It appears that appellee and the other two plaintiffs were arrested charged with the violation of section 135 of the Penal Code of the United States of America by obstructing, through threats of violence, the due administration of justice in the United States district court for the eastern district of Kentucky, in the case of the Chesapeake & Ohio Railroad Company v. International Association of Machinists, et al., which case grew out of the shopmen's strike in the summer of 1922. On appellee's examining trial before the United States commissioner she was dismissed. But no witness for any of the plaintiffs in these three actions undertook to say who arrested this appellee or who instituted these criminal proceedings against her on which this suit is based. Both the United States Commissioner Steele and County Judge Flannery, by whose testimony it is sought to connect the appellant with the arrest of appellee, state that they are unable to say that the appellant's agent had talked to them about this appellee in any connection. The witness Kash testified that he did not know who arrested appellee or who instigated and set on foot the proceedings against her. Appellant's proof shows that the proceedings against appellee were instituted by an affidavit filed by the Honorable Sawyer A. Smith, district attorney of the federal court for the eastern district of Kentucky, and that he instituted such proceedings on information furnished him by one Treadway, a deputy United States marshal. Mr. Smith further testified that so far as he knew neither the appellant nor any of its agents had anything to do with the arrest and prosecution of appellee. In McClarty v. Bickel, 155 Ky. 254, 159 S. W. 783, it was held that, to sustain an action for malicious prosecution, it must appear that the party sought to be charged was the proximate and efficient cause of instigating the prosecution. To the same effect are Cook v. Bratton, 168 Ky. 301, 181 S. W. 1108; Ballard v. Cash, 191 Ky. 312, 230 S. W. 48, and Bazzell v. I. C. R. R. Co., 203 Ky. 626, 262 S. W. 966. There is a total failure of proof in this case to show that appellant had anything to do with the putting of the law into motion against appellees of which she complains.

It may further be added that it was incumbent upon appellee to prove that the proceedings instituted against

her were set on foot without probable cause. The appellee utterly failed to prove such lack of probable cause. She only proved that she was dismissed when brought before the United States commissioner. In Emler v. Fox, 172 Ky. 290, 189 S. W. 469, it was held that although malice might be inferred from want of probable cause, the latter must be proved, and that proof of acquittal of a charge is not of itself sufficient to make *prima facie* case for the plaintiff or to cast upon the defendant the burden of disproving malice or of showing probable cause. See also J. B. Colt Co. v. Grubbs, 206 Ky. 809, 268 S. W. 817.

For the reasons hereinbefore set out, the court should have sustained appellant's motion for a peremptory instruction, and for its failure so to do its judgment is reversed, with instructions to proceed in conformity with this opinion.