## Chesapeake & Ohio Railway Company v. VanHoose.

## Chesapeake & Ohio Railway Company v. Perry.

(Decided December 18, 1925.)

## Appeals from Pike Circuit Court.

1. Malicious Prosecution—Allegation of Facts Showing Lack of Probable Cause Held Sufficient.—Where petition did not per haec verba charge that prosecution was instituted without probable cause, but set out facts which, if true, amounted to lack of probable cause, it was sufficient.

2. Malicious Prosecution— Evidence Held Not to Show Defendant Caused Prosecution.—Evidence that warrants under which plain-

tiffs were arrested, charging them with violating U. S. Penal Code, section 135 (U. S. Comp. St., section 10305), in obstructing administration of justice were issued by the United States commissioner on affidavit of the United States district attorney held not to establish that railway set in motion machinery of law resulting in arrest and prosecution.

3. Malicious Prosecution—Peremptory Instruction Required.—Where plaintiffs failed to show by proof that defendant put the law in motion against them, defendant's motion for peremptory instruction should have been sustained.

BROWNING & REED and KIRK, KIRK & WELLS for appellant.

ROSCOE VANOVER for appellee Perry.

PICKLESIMER & STEELE for appellee Van Hoose.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellees, VanHoose and Perry, each brought his action against the appellant, Chesapeake and Ohio Railway Company for malicious prosecution. The two cases were tried together before the same jury and a verdict returned for the plaintiff in each case in the sum of $600.00. From the judgments entered on those verdicts these appeals are prosecuted. Although they were not consolidated, it has been suggested that we hear these two appeals together and we have done so.

In their petitions the appellees pitched their cases on the ground that they had been arrested on a warrant from the United States district court for the eastern district of Kentucky charged with the offense of contempt of that court in that they had violated an injunction issued by it in the case of Chesapeake and Ohio Railway Company v. International Association of Machinists, et al., which grew out of the shopmen's strike in the summer of 1922. The appellees were not quite accurate in this statement, because the warrant under which they were arrested charged them with violating section 135 of the Penal Code of the United States on account of certain alleged acts on their part in the obstruction of the administration of justice in the above mentioned case. However, for the purpose of this opinion this inaccuracy is immaterial. It is averred, in substance, in these petitions that the appellant through its duly authorized agents instigated and set in motion the proceedings whereby the appellees were arrested, maliciously and without

probable cause, and that on a final hearing they were dismissed. The Perry petition specifically avers that the appellant acted without probable cause. The VanHoose petition does not *per haec verba* charge that his prosecution was instituted without probable cause, but it does set out facts which if true amount to a lack of probable cause, and this is sufficient under the case of Cook v. Bratton, 168 Ky. 301, 181 S. W. 1108. On the trial, the proof showed that the warrants by which appellees aver they were arrested, and which are the foundation of the legal proceedings of which they complain, were issued by the United States commissioner at Covington on an affidavit filed with him and sworn to by the Honorable Sawyer Smith, United States district attorney for the eastern district of Kentucky. The latter testified that he swore to this affidavit on information furnished him by a United States deputy marshal, and that so far as he knew the appellant had nothing and none of its agents had anything to do with the taking out of these warrants. There is no evidence in the record to gainsay this statement of the district attorney. It is true that the appellees show that at the time of their arrest the United States deputy marshals who made the arrest were accompanied by one Duke, a special agent of appellant, who pointed them out to the deputy marshals, and it is also true that Duke and possibly other agents of the appellant appeared and testified on the examining trial of these appellees at which they were dismissed. It is also true that Duke furnished the United States commissioner before whom the appellees were tried with a list of witnesses to be summoned. But all this is not enough to establish the fact that the appellant through any of its agents set in motion the machinery of the law which resulted in appellees' arrest and prosecution. In McClarty v. Bickel, 155 Ky. 254, 159 S. W. 783, we held that to sustain an action for malicious prosecution, it must appear that the party sought to be charged was the proximate and efficient cause of instigating the prosecution. To the same effect are Ballard v. Cash, 191 Ky. 312, 230 S. W. 48; Bazzell v. I. C. R. R. Co., 203 Ky. 626, 262 S. W. 966. The fact that appellant's agents pointed out appellees to the arresting officers and that they later appeared and testified in appellees' trial, is no proof that they set on foot or instigated the legal proceedings complained of, and this is especially true where it is affirmatively shown that they had absolutely nothing to do with it. As it is essential that appellees show

that the appellant put the law in motion against them, and as they failed to show this in their proof, the appellant's motion for a peremptory instruction in each of these cases should have been sustained. In failing to do so the lower court committed error, and its judgments are reversed.