## Kissel-Skiles Company v. Neff.

(Decided January 28, 1930.)

826

FINLEY F. GIBSON, JR., for appellant.

J. H. HOLLADAY and JOHN ROSE for appellee.

OPINION OF THE COURT BY JUDGE LOGAN.—Affirming.

This is an appeal from the Jefferson circuit court, common pleas branch, second division. The appellee obtained a judgment against the appellant for the sum of $1,066. A motion for a new trial was made and over-ruled. The trial court, in overruling the motion, delivered a written opinion. It is clear, exhaustive, and essentially sound. We adopt it as our own. It is as follows:

"Plaintiff, Joseph P. Neff, an agent for the Western & Southern Life Insurance Company, with some half dozen men under him, was in the habit of renting automobiles from defendant, Kissel-Skiles Company. One evening in October, 1927, he rented one for use that night and the following day and took it with him. The next morning he drove it down town, having his father and another relative with him, and parked it in the center of the city, at which time he claims all three of them tried to lock it without success. Assuming that it would be safe, he parked it and went to his office. Later in the day the police found it a mile or more away, stripped of certain equipment, and, ascertaining that it belonged to defendant, Kissel-Skiles Company, reported the matter to it. Plaintiff, Neff, was promptly notified and went to the Kissel-Skiles place of business, where some discussion occurred about his alleged carelessness in leaving it unlocked, and where he says he undertook to demonstrate the impossibility of locking it with the key they had given him, and that it then required more than one of defendant's employees to successfully lock it with such key. They wanted him to pay for the loss resulting from the theft, but he stated that he did not steal it and was not responsible therefor.

"Plaintiff continued to rent machines from the defendant as theretofore, and in time owed it a bill on that account, which having difficulty in collecting, defendant turned over to a lawyer, adding thereto the cost of the damages sustained by theft of the machine the preceding October. Plaintiff says the lawyer threatened to have him arrested unless he paid, and thereafter he was arrested at his place of business in the presence of some twenty fellow employees, and subjected to considerable annoyance, humiliation, and shame, though not actually incarcerated, bond having been made for him, after some thirty minutes' general discussion among the employees of the office, by one of the officers of the company; and he claims to have been subjected to further shame, humiliation, and suffering by reason of advertisement given to the occurrence by his fellow empolyees and others, which he found so burdensome as to cause him to sever his connection with the company and seek other employment in a different atmosphere.

"It is abundantly established by proof that the affidavit and warrant on which he was arrested charged

him with the violations of sections 1376r-5 and 1376r-6 of the Kentucky Statutes Supp. 1928. He appeared at the office of the magistrate who issued the warrant, at the time set for trial, and was dismissed; and, while the docket record of the magistrate shows he was dismissed on a cold check charge, it also shows that this was the only time he was prosecuted in that court for any offense, and the original affidavit and warrant have disappeared or been lost from the office of the magistrate.

"The attorney for defendant, Mr. Cahill, states that he prepared the warrant in blank on a communication from the defendant, Kissel-Skiles Company, that does not appear to have fully and fairly stated the facts of its dealing with plaintiff, and that he gave this blank warrant to the constable operating from the court of the magistrate involved, for the purpose of having it completed by procuring execution of affidavit on the back thereof, and signature of the magistrate to the warrant. This constable is not produced as a witness by either side, but the magistrate, James L. Smith, says the warrant came into his possession with the name of S. Basham, manager of defendant Kissel-Skiles Company, signed to the affidavit, and that he called Basham up at his place of business and took his jurat over the telephone, after which the warrant was issued. S. Basham admitted that he was the manager for Kissel-Skiles Company, so his act was the act of the defendant. But he denied that he signed the affidavit or swore to it over the telephone to Judge Smith, and this issue was submitted to the jury.

"Defendant asserts ten grounds for new trial, as follows:.

"First. Excessive damages. The testimony as a whole would warrant the conclusion that the prosecution complained of was instituted willfully and intentionally for the purpose of effecting collection of a debt, which would justify an instruction on punitive damages. Such an instruction was not given, because not requested, and the damages awarded are compensatory. As such they may be considered liberal, but do not impress the court as excessive. Sixteen dollars was allowed for lost time, $50 as attorney's fee, representing cost of defense against the criminal charge, and $1,000 for suffering due to humiliation, mortification, and loss of reputation. The

verdict does not so itemize the damages, but it is apparent that this is how they were arrived at.

"The question of excessive damages is more or less troublesome because of so many different elements entering into its consideration. It is true that this plaintiff was not incarcerated in jail, but incarceration for a considerable period of time might mean less to one man than the shame, humiliation, and mortification of a public arrest in the presence of his associates might mean to another. The plaintiff herein appears to be of more than average sensibility, a young man some 30 years of age, of proven character and standing, who has never been in any criminal trouble, and whose personal presence as well as the testimony of his witnesses, indicate was subjected to acute mental suffering by reason of this occurrence. It was shown to have lasted for a considerable period of time, and the results manifested themselves in channels from which he could not escape. It is difficult to compensate one in money at all for a matter of this kind; and it seems to the court that $1,000 will not go very far toward doing it, under present conditions of life and the cost thereof. It is a matter of common knowledge that $1,000 will not maintain an ordinary man's family in comfort for many months. The recent trend of our courts has been to recognize the deflated purchasing power of the dollar; and, while very much in excess of $1,000 as compensatory damages in this case might command their scrutiny in the application of rules which they are in the habit of following, the sum awarded by the jury herein, all the facts and circumstances considered, does not impress this court as excessive—certainly not 'so glaringly excessive as to strike us at first blush as being the result of prejudice or passion.' Hayes v. Ketron, 223 Ky. 119, 3 S. W. (2d) 172.

"Second. That the verdict is not sustained by sufficient evidence and is flagrantly against the testimony. It is sufficient to say of this that the court regards it as in strict accordance with the testimony, if that for plaintiff is believed, and which the jury by its verdict accepted.

"Third. Refusal to give instructions D and E offered by defendant. These appear to have been in substance included in the instructions given. Defendant appears to contend that the jury should have been in effect told that the defendant was not liable unless its

agent, Basham, was acting within the scope of his employment or authority in instituting the prosecution. But there was no question about his authority made by the evidence, and therefore no occasion to instruct upon such an issue. The defense was, not that he was without authority, or acting without the scope of his employment, but that he did not sign the affidavit nor institute the prosecution at all, which latter issue was submitted. The instruction given did submit to the jury whether the defendant did it, which of course it did not do except through its agent, and the argument that it was not done by its agent was thus left to the defendant, except that, for the reasons above stated, it had no argument on that subject.

"The defendant, in oral argument on this motion, claimed that there should have been an instruction on the effect of advice of counsel. It is sufficient to say that none was offered, and neither was there any evidence on which it could have been predicated if offered. The defendant does not claim to have done anything by advice of counsel, and its attorney, who appears to have either started or lubricated the machinery which put the prosecution in motion, does not claim that he was in possession of a full and fair statement from defendant of the facts on which the criminal charge was based.

"Fourth. That the verdict was contrary to the law. This ground does not call for consideration except in connection with others.

"Fifth. Because the court erred in overruling plaintiff's testimony. This is based on the idea that the petition was not good because, while alleging that the affidavit on which the warrant was based was made falsely, maliciously, and without probable cause, it is not further specifically alleged that the warrant was likewise procured, and is also based on the apparent contention, heretofore disposed of, that Bashman was an agent of the defendant acting within the scope of his employment.

"The purpose and effect of an affidavit for one's arrest is to procure a warrant, and that was its purpose and effect here, and it would seem that the false and malicious making of an affidavit need no more be followed by a separate and distinct false and malicious procurement of a warrant, than further followed by a separate and distinct false and malicious bringing to trial, a separate and distinct false and malicious examination of every witness thereon, a similar false and malicious argu-

ment, and a false and malicious attempt to procure conviction as a result thereof. What better proof of the false and malicious procurement of a warrant that actually issues and is served than the false and malicious and without probable cause making of affidavit on which the warrant issues? And, if such proof is sufficient, why not the pleading?

"The petition herein alleges '. . . that on the 9th day of May, 1928, defendant, Kissel-Skiles Company, through its agents and servants while acting within the scope of their employment did falsely and maliciously and without any probable cause make oath before James L. Smith, Magistrate of the Magisterial District of Jefferson County, charging plaintiff with having abandoned an automobile of defendant company, also charging him with renting an automobile with intent to defraud; said charges being covered by Kentucky Statutes No. 1376r-5 and r-6. Whereupon said Magistrate issued a warrant directed to any Sheriff or Constable of Jefferson County for the arrest of plaintiff and bringing him before said Magistrate to be dealt with according to law; and that on the 9th day of May, 1928, under and by authority of said warrant plaintiff was arrested in the aforesaid County of Jefferson by a Constable of the Court of James L. Smith, Magistrate, and held as a prisoner until he could obtain a bondsman; that on the 11th day of May, 1928, he appeared before said Magistrate in Jefferson County for examination on said charges and upon motion of this defendant's attorney the case was dismissed and plaintiff herein was discharged from custody by said Magistrate.'

"If language is capable of such a thing as conveying meaning, without repetition, that above quoted clearly imports the procurement and issual of the warrant maliciously and without probable cause; the entire transaction occurring at one time. It is specifically alleged that the affidavit was so made on May 9, 1928, 'whereupon' the warrant was issued and the plaintiff arrested on that same day. If, as contended by defendant, the affidavit might have been maliciously made and no warrant ever issued at all or issued later by mistake or without malice, we would not have the case pleaded and proven here. The issual of the warrant followed the making of the affidavit too closely to involve a separation of the two acts for the purpose of applying to each a separate and distinct averment of malice and want of probable cause. The

petition herein follows substantially Carroll's Civil Code of Practice, Form No. 18, in the various Carroll's Codes, including that of 1927, wherein the allegations of falsity, malice, and want of probable cause are limited to swearing to the affidavit, followed by the averment that 'thereupon' the judge issued the warrant. Plaintiff seems to have followed, in drafting the petition herein, Form No. 2385, on page 1875, of Caldwell's Complete Kentucky Form Book (2d Ed. 1927). Cook v. Bratton et al., 168 Ky. 301, 181 S. W. 1108, tersely defines the three elements of malicious prosecution, and I believe the petition under consideration sufficiently states the first element—that the defendant was the proximate and efficient cause of putting the law in motion against the plaintiff—which is the one to which defendant's criticism herein is directed.

"Defendant calls attention to the case of Singer Sewing Machine Co. v. Dyer, 156 Ky. 156, 160 S. W. 917, 919, and especially to the first full paragraph on page 161 of the opinion, which contains language indicating that the petition herein is not good, but which appears supported neither by reason nor authority, and which the court evinced an inclination to depart from in Ballard v. Cash, 191 Ky. 312, 230 S. W. 48. This last-named opinion undertakes to distinguish that from the Dyer case on its facts by the statement, in the last paragraph on page 315 of 191 Ky., 230 S. W. 49, and concerning the Dyer case, as follows: 'But it will be noticed the plaintiff in that case charged only the filing of an affidavit and failed to charge that a warrant had been issued thereon.' This is not true according to a certified copy of the petition in the Dyer case, filed with the brief of defendant on this submission, and which, after alleging that defendant falsely, maliciously, and without probable cause swore to the affidavit, further states that 'thereupon H. H. Ramey, Judge of the Slayersville Police Court, of Slayersville, Magoffin Co., Ky., issued a warrant for the arrest of this plaintiff and under it she was arrested.' It is also worthy of note that a certified copy of the motion for new trial in the Dyer case contains no complaint of the ruling of the trial court on demurrer to the petition; and this court cannot believe, had this been the only question considered by the appellate court, that tribunal would have used the language it did in the paragraph of its opinion above referred to. However, the institution of the prosecution in the case now under submission was, according

to plaintiff's testimony, accomplished by the action of defendant's manager. While the gist of the action may be the issual of the warrant, that is substantially alleged and proved herein to have been simultaneous with the making of the affidavit; and this court is unwilling, in the absence of a clear expression from our appellate court, to condemn the petition herein on the vice alleged, and thus destroy or necessitate reformation of long established and followed Kentucky forms.

"It is also claimed under this heading that plaintiff's evidence was insufficient to show malice or want of probable cause. We have heretofore expressed the opinion that it was sufficient to show willfulness and wantonness in an attempt to use criminal process to collect a debt. It is not for me to state that these elements in fact existed, but the jury from the evidence would have been justified in so concluding.

"It is also contended hereunder that plaintiff's failure to pay the hire for his various rentals of machines from defendant is prima facie evidence, under the statute he was prosecuted for violating, of intent to defraud the owner, and that such failure is an admission of guilt of such offense. It may be doubted whether this statute applies at all to one having a running account with the owner covering such rentals, but, if it does, and failure to pay is treated as prima facie evidence of intent to defraud, such evidence might be overcome by acquittal of the charge or voluntary abandonment of the prosecution. It was available to defendant on the issue of probable cause, but it did not warrant a peremptory instruction in its favor. Hayes v. Ketron, 223 Ky. 119, 3 S. W. (2d) 172, cited by defendant, does not militate against this view.

"The point was made by defendant in oral argument on this motion that the affidavit on which the warrant herein was issued is invalid because taken over the telephone. But the validity of the criminal proceeding is not involved. The question is: Who put it in motion, and why? The defendant is certainly as much, if not more, liable for causing plaintiff's arrest under void as under valid process. In either case the issue is whether defendant instituted the proceeding falsely, maliciously, and without probable cause. The court is conscious of no sound theory on which it can be held that, because of irregularity in the proceeding, one causing its institution is relieved of responsibility therefor.

"Sixth. Complaint is made of error in permitting the witnesses Neff and Holladay to testify to the contents of the affidavit and warrant, which are shown by their custodian to be lost and that diligent search had been made therefor in all places where they could be reasonably expected to be found without success. If testimony as to their contents under such circumstances is not competent, the only thing necessary to get rid of any lawsuit based upon a writing is to lose it, and this will not do.

"Seventh. Error in failing to exclude certain testimony concerning the docket and court records of Magistrate Smith. The idea that what occurred amounted to collateral attack on a judgment seems due to misapprehension. The original affidavit and warrant having been lost, it was proper to admit testimony as to their contents. 22 Corpus Juris, secs. 1317, 1318, pp. 1029, 1031; Morrison v. Price, 130 Ky. 139, 145, 112 S. W. 1090. This was shown to have been the only prosecution of plaintiff in that court, and, by whatever name called on the magistrate's docket, the order thereon terminated the prosecution involved, without necessity for its collateral attack or impeachment.

"Ninth and tenth. These grounds are based on advice of counsel. No such defense is pleaded nor proved, as heretofore stated. The defendant does not claim to have done the act charged on advice of counsel, but specifically denies having done it at all, and counsel does not claim to have given any advice on a full and fair statement of facts by defendant, and no instruction covering this feature was offered."

In support of the conclusions reached by the trial court on the question as to the amount of compensatory damages awarded, we refer to the case of Newton v. French, 227 Ky. 686, 13 S. W. (2d) 1016.

Judgment affirmed.